IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SAMANTHA JONES, et al.,

          Plaintiffs,

v.                                  CIVIL ACTION NO. 2:11-cv-00612

CITY OF CHARLESTON, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendants' Motion to Dismiss the Complaint [Docket 6]. For the reasons provided below, this motion is **GRANTED**.

**A. Background**

This action arises from a series of events that unfolded on the night of September 12, 2009, culminating in the tragic death of Charleston Police Officer Jerry Jones. On that evening, Charleston Police Officers responded to the scene of a car accident in downtown Charleston, West Virginia. It was reported that a suspect, later identified as Brian Good, collided with a truck occupied by his former girlfriend and then fled the scene. (Compl. [Docket 1] ¶ 11). Later that evening, Officer Jerry Jones spotted Brian Good's truck in the East End of Charleston. Jones pursued Good from the intersection of Washington Street and Ruffner Avenue to Greenbrier Street, onto Route 114, and finally into rural Kanawha County. (*Id.* ¶ 14). Several other Charleston Police Officers including Travis Hawley, Owen Morris, and Christopher Burford joined Officer Jones in the pursuit. Eventually, Good was pulled over in a gravel area along

Quick Road in Kanawha County. (*Id.* ¶ 18). After pulling into the gravel area, Good spun his vehicle around in a "doughnut fashion" to evade Officer Jones's vehicle. (*Id.* ¶ 19) Officers Hawley and Morris then arrived at Quick Road and positioned their vehicles to prevent Good from leaving the area. Officer Jones exited his vehicle and approached the passenger side of Good's truck. Officer Burford approached the driver's side of Good's truck with his weapon drawn. Despite repeated commands to stop and exit his truck, Good refused to do so and instead attempted to drive out of the area barricaded by Officers Hawley and Morris. (*Id.* ¶ 25–26). The officers on scene opened fire on Good while he was attempting to escape the area. (*Id.* ¶ 28). Tragically, one of these bullets hit and fatally wounded Officer Jones. (*Id.* ¶¶ 29–31).

The plaintiff, Samantha Jones, is Officer Jones's wife and the administrator of his estate. She has filed suit in this court against Christopher Burford in his individual and official capacities, and against the City of Charleston. She brings her claims pursuant to U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. The defendants filed the instant motion, seeking to dismiss the complaint under Rule 12(b)(6) for failure to state a claim for which relief may be granted. The parties have fully briefed this motion and the matter is now ripe for review.

### B. Legal Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. As the Supreme Court recently reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands

more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949-50. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). A complaint must contain enough facts to "nudge[] [a] claim cross the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**C. Discussion**

The plaintiff has brought suit under 42 U.S.C. § 1983. There are two essential elements to a § 1983 claim: 1) an alleged violation of a constitutional right; and 2) a showing that "'the alleged deprivation was committed by a person acting under color of state law.'" *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). In this case, the plaintiff alleges violations of the Fourth and Fourteenth Amendments were committed by police officer Christopher Burford and by the City of Charleston. (Compl. [Docket 1] ¶ 1).

### a. Fourth Amendment

The Complaint asserts that Christopher Burford violated Jerry Jones's Fourth Amendment right to be free from unreasonable seizures by firing his weapon at Brian Good's vehicle without accounting for the location of his fellow officers, including Jerry Jones. (Compl. [Docket 1] 45–46]). The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. AMEND. IV. In order to be "seized" within the meaning of the Fourth Amendment, one must have been the intended object of physical restraint by a state actor. *Brower v. Cty. of Inyo*, 489 U.S. 593, 597 (1989); *Rucker v. Harford Cty, Md.*, 946 F.2d, 278, 281 (4th Cir. 1991).

In *Rucker v. Harford County*, the Fourth Circuit considered facts similar to those now before the court. The plaintiff in *Rucker* was the father of a bystander who was accidentally shot and killed by police officers who were attempting to apprehend a fleeing suspect. 946 F.2d 278, 278 (4th Cir. 1991). The plaintiff in *Rucker* asserted that the officers' conduct violated his son's Fourth Amendment right to be free from unreasonable seizures. The Fourth Circuit held that this argument was foreclosed by the Supreme Court's decision in *Brower v. County of Inyo*, 489 U.S.

- 4 -

593 (1989). Because the defendant officer had not intended to shoot the victim, no seizure had occurred. Thus, "the Fourth Amendment's specific protection against unreasonable seizures of the person does not, by definition, extend to unintentionally injured 'bystanders.'" *Rucker*, 946 F.2d at 281.

The plaintiff argues that this case differs from *Rucker* because Officer Jones was a government agent, not an innocent bystander. The plaintiff has not pointed to any case that would justify such a distinction, nor has the court found any such case. The court is persuaded that the rationale of *Rucker* applies equally to a case involving an officer who was tragically but accidentally struck by friendly fire. In either case, the injured individual was not the intended object of the physical restraint. Therefore, no Fourth Amendment seizure has occurred.

In order to be seized within the meaning of the Fourth Amendment, one must have been "the *intended object* of a physical restraint by an agent of the state." *Rucker v. Harford County, Md.*, 946 F.2d 278, 281 (4th Cir. 1991) (emphasis in original); *see also Brower v. County of Inyo*, 489 U.S. 593, 596 (1989). The plaintiff has not asserted that Officer Jones was the intended object of the shots fired by Officer Burford. Therefore, the court **FINDS** that the complaint fails to state a Fourth Amendment claim for which relief can be granted. Accordingly, Count I of the complaint is hereby **DISMISSED**.

### b. Substantive Due Process

Next, the plaintiff claims that Officer Burford's actions were a violation of Officer Jones's substantive due process rights. (Pl.'s Resp. Mot. Dismiss [Docket 9], at 11). The Complaint asserts that "Christopher Burford intentionally fired his weapon at Brian Good's vehicle before and without accounting for the location of his fellow Officers, including Jerry Jones. As a direct

and proximate result of the acts of Defendants, Plaintiff's decedent, Jerry Jones suffered severe injuries which eventually resulted in his death." (Compl. ¶¶ 46–47). The Complaint alleges that these actions amounted to a violation of the plaintiff's Fourth and Fourteenth Amendment rights but otherwise does not discuss the alleged substantive due process violation.

First, the defendants argue that the plaintiff's complaint does not state a claim for substantive due process. They point out that the complaint is devoid of language specifically referencing substantive due process or the relevant standard for such a claim. In fact, the only time substantive due process is potentially referenced in the complaint is in the first paragraph, which states: "This is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. § 1983 and § 1988 and Fourth and Fourteen Amendments to the United States Constitution, and under the law of the State of West Virginia. . . ." (Compl. ¶ 1). The defendants argue that they reasonably interpreted the reference to the Fourteenth Amendment as an invocation of the Supreme Court's incorporation of the Fourth Amendment to the states. (Defs.' Reply Pl.'s Resp. Defs.' Mot. Dismiss [Docket 11], at 9).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable. *Id.* "The touchtone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Thus, "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Substantive due process does protect against

physical injury caused "by agents of the states acting *irrationally and arbitrarily*, without regard to whether the injury was intended to be inflicted on the victim"; however, a substantive due process claim based on a physical injury requires "that the state actor's conduct must 'amount to a brutal and inhumane abuse of official power literally shocking to the conscience.'" *Rucker*, 946 F.2d at 281 (quoting *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 720 (4th Cir. 1991)).

In this case, I find it unnecessary to decide whether the mention of the Fourteenth Amendment is sufficient to plead a substantive due process violation because, in any event, the complaint does not plead facts which would plausibly establish such a claim. *Id.* The police, including Burford, were faced with a suspect who was believed to have previously rammed his truck into his former girlfriend's car. He then fled the scene, and later that same evening engaged at least four police cars in a high-speed chase. After finally being pulled over and barricaded by police cars along a rural road, the suspect ignored repeated commands by the officers to stop and exit his vehicle. Instead, he attempted to use his truck to escape the area barricaded by the officers. Given the suspect's erratic and dangerous behavior throughout the high-speed chase and within the area barricaded by the officers, it was not unreasonable for the officers to believe that the suspect was dangerous and that he intended to use his truck as a weapon.

Given these facts and the exigency of the surrounding circumstances, the court can only conclude that Officer Burford's actions in discharging his weapon were not so irrational and arbitrary as to constitute "a brutal and inhumane abuse of official power literally shocking to the conscience." *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 720 (4th Cir. 1991); *see also Lee v. Williams*, 138 F.2d 748, 762 (E.D. Va. 2001) (finding no substantive due process violation when police officers accidentally shot a hostage during a shootout with robbery suspects).

Regardless of whether Officer Burford's actions were justified, it is undisputed that this was an accidental shooting. The plaintiff has simply not alleged that Officer Burford engaged in "the kind of 'oppressive' abuse of governmental power" that substantive due process protects against. *Rucker*, 946 F.2d at 282.

Whether it was appropriate for Officer Burford to discharge his weapon without accounting for the location of a fellow officer, and whether his actions in doing so may have been negligent or even reckless are questions that are not before the court. The plaintiff has only alleged violations of the Fourth and Fourteenth Amendments. Because it is undisputed that Officer Burford did not intend to shoot Officer Jones, the Fourth Amendment is not implicated. As explained above, the facts alleged by the plaintiff are insufficient to establish a plausible substantive due process claim. Accordingly, the court **GRANTS** the defendant's Motion to Dismiss the claims against Christopher Burford and **ORDERS** that Count I of the plaintiff's Complaint is hereby **DISMISSED**.

Next, the plaintiff alleges that the City of Charleston is liable for failing to adequately prevent constitutional violations on the part of its police officers. The complaint alleges deliberate indifference, failure to train, and a policy and custom of inadequate supervision. (Compl. ¶¶ 51–58). These claims rely on the same constitutional violations alleged to have been committed by Christopher Burford. For the reasons discussed above, the plaintiff has failed to state a claim for a violation of Jones's constitutional rights. Accordingly, Count II of the plaintiff's complaint fails to state a claim upon which relief may be granted and is hereby **DISMISSED**.

Finally, Count III of the complaint alleges that the City of Charleston is vicariously liable under respondeat superior for Burford's violation of the plaintiff's Fourth and Fourteen Amendment rights. There is no respondeat superior liability under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694 (1978). Moreover, none of the claims against Officer Burford survive the defendants' Motion to Dismiss. Thus, there is no constitutional violation for which the city to be vicariously liable. Accordingly, Count III of the complaint is hereby **DISMISSED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: 5 March 2012

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE